## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANCHELL POWDRILL<br>*Plaintiff* | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO.: 22-cv-258 |
| WAL-MART STORES TEXAS, LLC<br>*Defendant* | §<br>§ | JURY DEMANDED |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant, Wal-Mart Stores Texas, LLC files this Notice of Removal pursuant to 28 U.S.C. § 1441, as follows:

### Exhibits to Notice of Removal

1. The following documents are attached to this Notice as correspondingly lettered exhibits in support of Defendant's Notice of Removal:

   A. Plaintiff's Original Petition.
   B. Citation and Affidavit of Service.
   C. Defendant's Original Answer to Plaintiff's Original Petition.
   D. Defendant's Demand for Jury Trial.
   E. Plaintiff's Notice of Filing Business Record Affidavits and Medical Expense Affidavits.
   F. Discovery Control Order.
   G. Rule 11 Agreement dated January 3, 2022.
   H. February 24, 2022 Letter Requesting Discovery Control Order.
   I. Case Summary.
   J. List of Counsel of Record.
   K. Plaintiff's First Supplemental 194.2(b) Initial Disclosures with attached production, dated February 15, 2022
   L. Affidavit of James K. Floyd
   M. Affidavit of Wendy Britton Knau, RN, CPC

### Commencement and Service

2. On July 9, 2021, Plaintiff, Franchell Powdrill, commenced this action against Wal-Mart Stores Texas, LLC by filing Plaintiff's Original Petition in the 408th District Court of Bexar County, Texas, Cause No. 2021CI13769; *Franchell Powdrill vs. Wal-Mart Stores Texas, LLC*. A

copy of Plaintiff's Original Petition is attached hereto as Exhibit A.  Wal-Mart Stores Texas, LLC received service of process and Plaintiff's Original Petition on July 29, 2021.  A copy of the Affidavit of Service and Citation is attached hereto as Exhibit B.

2. On August 20, 2021, Wal-Mart Stores Texas, LLC filed its Original Answer to Plaintiff's Original Petition which is attached as Exhibit C and Demand for Jury Trial, attached as Exhibit D.

3. This notice of removal is filed within thirty days (30) of the receipt of Plaintiff's February 15, 2022, First Supplemental Disclosures and attached production documents, which constituted "other paper" from which Defendant first ascertained that this case had become removable because it involves an amount in controversy that exceeds $75,000.00; thus, it is timely filed under 28 U.S.C. § 1446(b)(3) and 28 U.S.C. § 1446(c)(3). *See* Exhibits K, L.   This notice of removal is filed within one year of the commencement of this action and is thus timely pursuant to 28 U.S.C. § 1446(c).

## Grounds for Removal

4. Wal-Mart Stores Texas, LLC is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.  *See* paragraphs 5-15 below.

## Diversity of Citizenship

5. This is an action between parties with diversity of citizenship.

6. Plaintiff is a citizen of Texas.

7. Defendant Wal-Mart Stores Texas, LLC is a limited liability company formed under the laws of Delaware, with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all of its members.  *Harvey v. Grey Wolf Drilling, Co*., 542 F.3d

1077, 1080 (5th Cir. 2008). The sole member of Wal-Mart Stores Texas, LLC is Wal-Mart Real Estate Business Trust. Wal-Mart Real Estate Business Trust is a Delaware statutory trust with its principal place of business in Arkansas. The citizenship of a statutory trust is the citizenship of its members, which includes its shareholders. *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016); *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 358 (5th Cir. 2017); *U.S. Bank Tr., N.A. v. Dupre*, 615CV0558LEKTWD, 2016 WL 5107123, at *4 (N.D.N.Y. Sept. 20, 2016) (finding that a Delaware statutory trust "seems precisely like the type [of trust] considered by the Supreme Court in *Americold*"). The sole unit/shareholder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co. Wal-Mart Property Co. is a corporation formed under the laws of the State of Delaware with its principal place of business in the State of Arkansas. A corporation is "'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting 28 U.S.C. § 1332(c)(1)). Therefore, Wal-Mart Property Co. is a citizen of Delaware and Arkansas. Accordingly, Defendant Wal-Mart Stores Texas, LLC is a citizen of Delaware and Arkansas.

8. No change of citizenship has occurred since commencement of the state court action. Therefore, diversity of citizenship exists among the parties.

**Amount in Controversy**

9. Defendant asserts that Plaintiff's Original Petition pleading "that the amount in controversy in this matter does not exceed $75,000," constitutes a bad faith pleading that does not control and that the actual amount in controversy exceeds the sum of $75,000. *See* Exhibits A, K, L, and M.

3

10.     While a sum that a plaintiff ordinarily demands in good faith in her initial petition pleading shall be deemed the amount in controversy pursuant to 28 U.S.C. § 1446(c)(2), where a plaintiff's demand is made in bad faith, that sum does not control. *De Aguilar v. Boeing Co*., 47 F.3d, 1404, 1410 (5th Cir. 1995). A plaintiff's demand is made in bad faith when she requests damages below the federal jurisdictional threshold and contravening state practice. *Espinoza v. Allstate Texas Lloyd's*, F. Supp. 3d 529, 536 (W.D. Tex. 2016). Where, as here, a plaintiff's bad-faith damages statement does not control, the removing defendant must show, by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. See *De Aguilar*, 47 F. 3d at 1412. This burden may be met in one of two ways. First, the burden may be met if it is "facially apparent" from the plaintiff's complaint that the damages likely exceed $75,000. *Garcia v. Koch Oil Co of Tex. Inc.,* 351 F. 3d 636, 639 (5th Cir. 2003). Second, where the amount in controversy is not facially apparent, the defendant may put forth "summary-judgment-type evidence" that supports a finding of the requisite amount. *Allen v. R & H Oil & Gas Co*., 63 F. 3d 1326, 1336 (5th Cir. 1995).

11.     In the instant case, Plaintiff's pled demand of "does not exceed $75,000" constitutes bad faith because it contravenes Texas's pleading requirements. Rule 47(c) precludes plaintiffs from pleading a specific amount of damages and rather requires pleading one of five predefined damages ranges. *See* Tex. R. Civ. P. 47(c). However, "does not exceed $75,000" is not a permissible predefined range. *Id.* As such, Plaintiff's attempt to limit her damages does not control.

12.     The preponderance of the evidence shows the amount in controversy exceeds $75,000. On February 15, 2022, Plaintiff served her First Supplemental 194.2(b) Initial Disclosures with attached production on Defendant. *See* Exhibits K, L. In those Supplemental Initial Disclosures, Plaintiff disclosed past medical bills for three medical providers (CareFor PA, Waltham

Consultants, and MRI Centers of Texas) totaling in the sum of $13, 170.[1] *See* Exhibits K at page 3, L. Additionally, Plaintiff disclosed a cost estimate for alleged future medical expenses from Carefor PA for an "Arthroscopic Meniscus repair of the [Left] Knee," totaling $58,000. See Exhibit J, Powdrill 0075).[2] Thus, the past medical expenses of $13, 170 and the cost estimate for the future left knee surgery of $58,000 alone total $71,170, without accounting for pain and suffering, mental anguish, impairment, and disfigurement, which are all pled, both past and future. *See* Exhibits A, K, L. Defendant contends that this establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. The Court may make "common-sense inferences" about the amount in stake by the injuries Plaintiff alleges. *Robertson v. Exon Mobil Corp.*, 814, F. 3d 236, 240 (5th Cir. 2015).

13. Although Defendant asserts it has established the amount in controversy exceeds $75,000, Defendant hereby supplies "summary judgment-type evidence" that supports a finding that the amount in controversy exceeds $75,000. *Allen,* 63 F.3d at 1336. While Plaintiff's medical provider articulated a projected cost for the surgeon, anesthesia, and surgical center costs for the recommended arthroscopic meniscus repair of Plaintiff's left knee, there are other medical treatment recommendations for which a cost estimate was not provided. Defendant retained the services of Wendy Britton Knau to review the medical records and provide an opinion regarding the reasonable, usual, and customary cost of medical treatment recommended for Plaintiff by the doctors managing her care. *See* Exhibit M. Ms. Knau is a registered nurse and certified professional coder who has provided healthcare consulting to hospitals, physicians, the Department of Justice,

---

[1] Although Plaintiff's pleading shows a total of $12,183, that total is incorrect. The actual total of the bills for the three is $13, 170.

[2] Orthopedic Surgeon D.E. Baxter, M.D., stated in a medical note dated August 19, 2021, that "[t]he patient's left knee was examined today. It is my professional opinion, based on examination and MRI findings, that this patient would benefit from a left knee arthrotomy and repair of the left medial meniscus." Exhibits K, Powdrill 0065, L.

and the FBI for 30 years. *Id.* She spent eight years as a Medicare Part B medical review manager, where she calculated and established fee schedules for physician services. *Id.*

14.  As set forth in her attached affidavit, based on her education and experience, she has determined that there are additional costs associated with the arthroscopic meniscus repair of the left knee as well as future costs associated with the recommendation that Plaintiff undergo lumbar epidural steroid injections.[3] *See* Exhibits K, L, M. As detailed in her affidavit, she has utilized reliable resources to analyze the CPT codes associated with these services to determine that these costs may range from $5,946.48 to $9,722.69. *See* Exhibit M. It is her opinion that the reasonable usual and customary charge for these services is $7,668.61. *Id.* Her opinion constitutes "summary judgment-type evidence" that the minimum amount in controversy based only on Plaintiff's past and future medical expenses ranges from $77,116.48 to $80,892.69. *Allen,* 63 F.3d at 1336.

15.  For the forgoing reasons, Defendant has established that the amount in controversy exceeds $75,000.

## Venue

16.  Venue lies in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the Plaintiff filed the state court action in this judicial district and division.

## Notice

17.  Contemporaneous with the filing of this notice of removal, Defendant will give notice of this filing to all parties of record pursuant to 28 U.S.C. § 1446(d). Defendant will also file with the clerk of the state court, and will serve upon Plaintiff's counsel and all other parties'' counsel of record, a notice of the filing of this notice of removal.

---

[3] John Hall, D.O. stated in a medical note dated December 21, 2021 that "[t]he patient would benefit from lumbar epidural steroid injections . . . Will schedule after three weeks." See Exhibits K, Powdrill 0071, L.

**Jury Demand**

18.     Defendant, Wal-Mart Stores Texas, LLC demanded a jury trial in the state court action.

**State Court Pleadings**

19.     Copies of state court pleadings which are referenced within the Notice are attached to this Notice of Removal as Exhibits A through I.  This case is being removed from the 408th Judicial District Court of Bexar County, Texas.

WHEREFORE, Defendant, Wal-Mart Stores Texas, LLC pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the 408th Judicial District Court of Bexar County, Texas.

          Respectfully submitted,

          DAW & RAY
          A LIMITED LIABILITY PARTNERSHIP

          */s/ James K. Floyd*
          James K. Floyd; SBN:  24047628
          Email: jfloyd@dawray.com
          Elizabeth W. Yancy; SBN: 24098642
          Email: eyancy@dawray.com
          14100 San Pedro, Suite 302
          San Antonio, Texas 78232
          (210) 224-3121 Telephone
          (210) 224-3188 Facsimile
          **ATTORNEYS FOR DEFENDANT,**
          **WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

      The undersigned does hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all known counsel of record in accordance with the FRCP on this the 17th day of March, 2022.

Michael H. Garatoni                                                                             *Via Priority Mail*
DASPIT LAW FIRM
9601 McAllister Freeway, Suite 914
San Antonio, Texas 78216

Michael H. Garatoni                                                                             *Via Priority Mail*
DASPIT LAW FIRM
440 Louisiana St., Suite 1400
Houston, Texas 77002
**ATTORNEY FOR PLAINTIFF**

                                                 /s/ *James K. Floyd*
                                                 James K. Floyd